IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MILTON HAMBRIGHT, #170 401, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CIVIL ACTION NO. 2:18-CV-358-WHA ) [WO] |
| ALABAMA BOARD OF PARDONS & PAROLES, *et al.*, | ) ) ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Plaintiff's request for a preliminary injunction. Doc. 1. He seeks to enjoin defendant parole board members from acting as members of the Alabama Board of Pardons and Parole ["the Board"].[1] Plaintiff further seeks to enjoin Defendants from retaliating against him for his litigation activities. Upon review, the court concludes that the motion for preliminary injunction is due to be denied.

### **I. STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v.*

---

[1] Plaintiff alleges in his complaint that has been denied due process to be fairly considered for parole because Defendants Cook, Walker, and Head were never confirmed as parole board members by the Alabama State Senate in accordance with state law. Doc. 1.

*Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983). "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotation marks omitted); *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (holding that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (internal quotation marks and citation omitted).

## II. DISCUSSION

In his motion for preliminary injunction, Plaintiff seeks an order enjoining defendant parole board members from acting in their roles as members of the Board. Plaintiff also requests Defendants be enjoined from taking any retaliatory action against him. Regarding the latter request, if Plaintiff's motion was granted, the resulting injunction would amount to a broad instruction to Defendants to obey the law. Plaintiff essentially seeks an order directing Defendants to not take any adverse action against him because of his filing the instant complaint. Rule 65(d),

Fed.R.Civ.P., requires requests for injunctions to be specific; an injunction which merely orders a defendant to obey the law is too broad and too vague to be enforceable. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999).

Regarding Plaintiff's request for preliminary injunctive relief prohibiting defendant parole board members from engaging in their duties as members of the Board, the court finds his request for preliminary injunctive relief is essentially contained in his civil rights action which will afford him with adequate redress for his allegations. Inasmuch as Plaintiff has a forum for his complaint, equitable remedies, such as temporary restraining orders or preliminary injunctions, shall not be given. Plaintiff's request for preliminary injunctive relief is also devoid of any allegation he will suffer specific and irreparable harm if an injunction is not issued. To establish irreparable injury Plaintiff must show that he will suffer harm that "cannot be redressed by a legal or an equitable remedy" through the ordinary course of litigation. *See Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 801 (3rd Cir. 1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm"). The third factor, balancing potential harm to the parties, weighs more heavily in favor of Defendants. Finally, it is impossible to determine the scope of Plaintiff's requested relief preventing the court from determining what burden an injunction would have on the Alabama Board of Pardons and Parole and whether issuing one would harm the public interest. Issuing a preliminary injunction is not warranted.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Motion for Preliminary Injunction filed by Plaintiff (Doc. 1) be DENIED; and

2. This case be referred to the undersigned for additional proceedings.

It is

ORDERED that **on or before April 12, 2018**, Plaintiff may file an objection to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 29th day of March, 2018.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE