IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MILTON HAMBRIGHT, #170 401, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACT. NO. 2:18-CV-358-WHA ) [WO] |
| ALABAMA BOARD OF PARDONS &PAROLES, *et al.*, | ) ) ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Childersburg Work Release Center in Childersburg, Alabama, files this 42 U.S.C. § 1983 complaint alleging a denial of due process to be fairly considered for parole. Plaintiff names as defendants the Alabama Board of Pardons and Paroles, Eddie Cook, Jr., Cliff Walker, Lyn Head, Terry Davis, and Governor Kay Ivey. Plaintiff seeks declaratory and injunctive relief and any other relief the court deems just and proper. He also requests trial by jury. Upon review, the court concludes that dismissal of Plaintiff's complaint against the Alabama Board of Pardons and Paroles and Governor Kay Ivey is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

**A. Alabama Board of Pardons and Paroles**

The Alabama Board of Pardons and Paroles is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Because Plaintiff's complaint against the Alabama Board of Pardons and Paroles is "based on an indisputably meritless legal theory," this defendant is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

**B. Governor Kay Ivey**

Plaintiff names Governor Kay Ivey as a defendant because she succeeded former Governor Robert Bentley in office. According to the complaint, Plaintiff challenges matters which occurred during his June 2016 parole consideration hearing.

To the extent Plaintiff seeks to impose liability on Governor Ivey based on *respondeat superior*, he is entitled to no relief. Supervisory personnel cannot be liable under § 1983 for a constitutional violation of one of their subordinates via a

theory of *respondeat superior* or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691–95 (1978) (holding doctrine of *respondeat superior* inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (holding that 42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability). In the absence of any allegation that Governor Ivey knew of, sanctioned, participated in or was otherwise "affirmatively linked" to the acts about which Plaintiff complains, the claims against her are insufficient to state a cause of action under 42 U.S.C. § 1983. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if she "personally participate[d] in the alleged unconstitutional conduct or there is a causal connection between [her] actions . . . and the alleged constitutional deprivation"). As explained, Plaintiff complains about matters which occurred during his June 2016 parole consideration hearing. Kay Ivey did not become Governor of the State of Alabama until April 10, 2017.[2]  Accordingly, Plaintiff's claims against Governor Ivey are due to be dismissed for failing to state a claim on which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

---

[2] Available at *http://www.archives.alabama.gov/govslist*.

1. Plaintiff's complaint against Defendants Alabama Board of Pardons and Paroles and Governor Kay Ivey be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i-ii);

2. Defendants Alabama Board of Pardons and Paroles and Governor Kay Ivey be DISMISSED as parties to the complaint; and

3. This case regarding the remaining defendants be referred to the undersigned for further proceedings.

It is further

ORDERED that **on or before May 9th, 2018**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar a party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

4

*v. Reynolds Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 25th day of April, 2018.

                  /s/ Charles S. Coody
                    CHARLES S. COODY
                    UNITED STATES MAGISTRATE JUDGE