IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MILTON HAMBRIGHT, #170401,    )
        )
     Plaintiff,     )
        )
  v.        )     CASE NO. 2:18-CV-358-WHA-CSC
        )          (WO)
        )
ALABAMA BOARD OF PARDONS    )
AND PAROLES, et al.,     )
        )
     Defendants.    )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION AND PROCEDURAL HISTORY

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by
Milton Hambright, an indigent state inmate, against Governor Kay Ivey, the Alabama
Board of Pardons and Paroles, and Board members Eddie Cook, Jr., Cliff Walker, Lyn
Head and Terry Davis.[1]  He sues the Board members in their individual and official
capacities and alleges that the defendants violated his due process rights by denying him
parole on June 29, 2016.  Specifically, he claims that the Board acted without authority
because its members had not been properly confirmed by the Senate at the time his parole
hearing was conducted; and thus, he alleges the action of the Board denying his parole is
void.  Hambright seeks issuance of a declaratory judgment and injunctive relief for the

---

[1]  By Order dated May 17, 2018, this Court dismissed Governor Ivey and the Alabama Board of Pardons
and Paroles as parties to this action.  (Doc. 22).

alleged violations of his constitutional rights.    He also requests "[a]ny additional relief this Court deems just and proper."  (Doc. 1 at p. 10).

The defendants filed special reports and relevant evidentiary materials addressing the claims for relief raised by Hambright.  In these filings, the defendants deny that the Board lacked authority to deny his parole and further maintain that the decision to deny the plaintiff's parole was proper.  (Doc. 20 at pp. 7-8).  Also, the defendants maintain that this § 1983 action is due to be dismissed because it is not the proper avenue to challenge whether a party is properly serving in a public office.  (Doc. 20 at p. 15).

After reviewing the special report filed by the defendants (Doc. 20), the court issued an order on June 1, 2018 directing Hambright to file a response to each of the arguments set forth by the defendants in their reports, supported by affidavits or statements made under penalty of perjury and other evidentiary materials. (Doc. 25 at pp. 1-2).  The order specifically cautioned that "**unless within ten (10) days from the date of this order a party . . . presents sufficient legal cause why such action should not be undertaken** . . . the court may at any time [after expiration of the time for the plaintiff filing a response to this order] and **without further notice to the parties** (1) treat the special reports and any supporting evidentiary materials as a motion for summary judgment and (2) after considering any response as allowed by this order, rule on the motion for summary judgment in accordance with the law." (Doc. 25 at p. 2).  Hambright filed a response to this report on June 13, 2018.  (Doc. 29).  Pursuant to the directives of the orders entered in this case, the court now treats the defendants' reports collectively as a motion for summary

judgment and concludes that summary judgment is due to be granted in favor of the defendants.

## II.  SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law." *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (internal quotation marks omitted); Rule 56(a), Fed. R. Civ. P. ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (holding that moving party has initial burden of showing there is no genuine dispute of material fact for trial).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present appropriate evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322–24; *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011) (holding that moving party discharges his burden by showing the record lacks

evidence to support the nonmoving party's case or the nonmoving party would be unable to prove his case at trial).

When the defendants meet their evidentiary burden, as they have in this case, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3); *Jeffery*, 64 F.3d at 593-94 (holding that, once a moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or statements made under penalty of perjury], or by depositions, answers to interrogatories, and admissions on file," demonstrate that there is a genuine dispute of material fact).  In civil actions filed by inmates, federal courts "must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage." *Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted).  This court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment.  *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014).  A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor such that summary judgment is not warranted. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495

F.3d 1306, 1313 (11th Cir. 2007).  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  "[T]here must exist a conflict in substantial evidence to pose a jury question." *Hall v. Sunjoy Indus. Group, Inc.*, 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citation omitted).  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Although factual inferences must be viewed in a light most favorable to the plaintiff and pro se complaints are entitled to liberal interpretation, a pro se litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, Hambright's pro se status alone does not compel this court to disregard elementary principles of production and proof in a civil case.  The court has undertaken a thorough and exhaustive review of all the evidence contained in the record.  After this review, the court finds that Hambright has failed to demonstrate a genuine dispute of material fact in order to preclude entry of summary judgment in favor of the defendants.

## III.  DISCUSSION

### A.    Absolute Immunity — Official Capacity Claims

To the extent Hambright requests monetary damages from the defendants in their official capacities, they are entitled to absolute immunity.  Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity."  *Kentucky v. Graham*, 473 U. S. 159, 166 (1985).  As the Eleventh Circuit has held,

> the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or employees].  There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. A State's consent to suit must be unequivocally expressed in the text of [a] relevant statute. Waiver may not be implied.  Likewise, Congress' intent to abrogate the States' immunity from suit must be obvious from a clear legislative statement.

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015) (internal quotation marks and citations omitted).  Thus, a state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the State's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996).

> Neither waiver nor abrogation applies here. The Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. Art. I, § 14.  The Supreme Court has recognized that this prohibits Alabama from waiving its immunity from suit.

*Selensky*, 619 F. App'x at 849 (citing *Alabama v. Pugh,* 438 U.S. 781, 782 (1978) (consent is prohibited by the Alabama Constitution).  "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it."  *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence, Ala*., 916 F.2d 1521,

1525 (11th Cir. 1990)).  In light of the foregoing, the defendants are entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacities. *Selensky*, 619 F. App'x at 849; *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998) (holding that state officials sued in their official capacities are protected under the Eleventh Amendment from suit for damages); *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995) (holding that damages are unavailable from state official sued in his official capacity).

**B.      Quasi-Judicial Immunity — Individual Capacity Claims**

Insofar as Hambright seeks monetary damages from the defendants for actions relative to the parole consideration process and the denial of parole, he is likewise entitled to no relief.  This Circuit has long recognized that parole board officials are entitled to quasi-judicial immunity from suits requesting damages based upon decisions to grant, deny or revoke parole. *Fuller v. Georgia State Board of Pardons and Parole*, 851 F.2d 1307 (11th Cir. 1988); *Cruz v. Skelton,* 502 F.2d 1101, 1101–02 (5th Cir. 1974).  All of the actions about which Hambright complains arose during proceedings resulting in the denial of parole.  Under these circumstances, the actions of parole officials are inextricably intertwined with their decision-making authority and they are therefore immune from payment of monetary damages.  Consequently, the plaintiff's claim for damages against the defendants in their individual capacities is due to be summarily dismissed.

**C.      Material Facts**

Hambright is currently confined in the Alabama state prison system on a sentence of life imposed on him in 1992 by the Circuit Court of Tuscaloosa County, Alabama for a murder conviction.  The parole decision relevant to this cause of action occurred on June 29, 2016.  On this date, defendants Cook and Walker voted to deny Hambright parole. (Doc. 20-1 at p. 3).  Also, William Wynne, who was not named as a defendant in this action, also voted to deny parole to Hambright on June 29, 2016.  *Id.*

**D.      Respondeat Superior and Vicarious Liability**

Defendants Walker and Cook are the only employees of the Parole Board who in any manner participated in the decision to deny Hambright parole in June of 2016.  Thus, the claims against the remaining parole defendants, Head and Davis, entitle Hambright to no relief as these claims are based on theories of respondeat superior and vicarious liability.

The law is well settled "that Government officials may not be held liable for the unconstitutional conduct of their subordinates [or co-workers] under the theory of *respondeat superior* [or vicarious liability]. . . .  A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed [alongside,] by or under him, in the discharge of his official duties.  Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (internal quotation marks,

citation and parentheses omitted); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."); *Marsh v. Butler County*, 268 F.3d 1014, 1035 (11th Cir. 2001) (holding that a supervisory official "can have no respondeat superior liability for a section 1983 claim."); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir.2003) (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999 (holding that 42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of respondeat superior or vicarious liability.). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677, 129 S.Ct. 1949. Thus, liability for actions of defendants Walker and Cook could attach to the other named defendants only if these defendants "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [their] actions . . . and the alleged constitutional deprivation." *Cottone*, 326 F.3d at 1360.

Hambright, however, has presented no evidence and the court cannot envision the existence of any evidence which would create a genuine issue of disputed fact with respect to the claims lodged against defendants Head and Davis. The evidentiary materials filed in this case which could be presented at trial demonstrate that these defendants did not personally participate in or have any involvement with the claim on which Hambright seeks relief. In light of the foregoing, defendants Head and Davis can be held liable for actions

of defendants Walker and Cook only if their actions bear a causal relationship to the purported violation of Hambright's constitutional rights.

To establish the requisite causal connection and therefore avoid entry of summary judgment in favor of defendants Head and Davis, Hambright must present sufficient evidence which would be admissible at trial of either "a history of widespread abuse [that] put[] [these defendants] on notice of the need to correct the alleged deprivation, and [they] fail[ed] to do so . . ." or "a . . . custom or policy [that] result[ed] in deliberate indifference to constitutional rights, or . . . facts [that] support an inference that [these defendants] directed [defendants Walker and Cook] to act unlawfully, or knew that [they] would act unlawfully and failed to stop them from doing so." *Cottone*, 326 F.3d at 1360 (internal punctuation and citations omitted). The pleadings and evidentiary materials submitted in this case demonstrate that Hambright has failed to meet this burden.

The record before the court contains no evidence to support an inference that defendants Cook and Walker directed Head and Davis to act unlawfully or knew that they would act unlawfully and failed to stop such action. In addition, Hambright has presented no evidence of obvious, flagrant or rampant abuse of continuing duration in the face of which these defendants failed to take corrective action. Finally, it is clear that the challenged action did not occur pursuant to a policy enacted by Head and Davis. Thus, the requisite causal connection does not exist between the actions challenged by Hambright and the conduct of the aforementioned defendants and liability under the custom or policy

standard is not warranted.  Summary judgment is therefore due to be granted in favor of defendants Head and Davis.

**E.     Liability of Cook and Walker**

It is undisputed that Cook and Walker voted in favor of denying a grant of parole to the plaintiff.  (Doc. 20-1 at p. 2; Doc. 20-4 at p. 2).  However, the law is clear that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7 (1979).   Indeed, the Eleventh Circuit citing *Greenholtz* has recognized that likewise because Alabama's parole system is discretionary, a petitioner has no liberty interest in parole. *Monroe v. Thigpen,* 932 F.2d 1437, 1441 (11th Cir. 1991).  Further, the Court cautioned that a federal court should refrain from usurping the Parole Board's discretion "absent flagrant or unauthorized action." *Id.*  In that instance, the Court recognized that "[b]y relying on false information in . . . [the plaintiff's] file, the Board has exceeded its authority under Section 15-22-26 and treated. . . [the plaintiff] arbitrarily and capriciously in violation of due process." *Id.* at 1442.

In the case at bar, however, Hambright makes no allegation that in denying him parole the Board relied on any "false information". *Id.*  Rather, his complaint centers on allegations that the Board members were not properly appointed and/or confirmed by the Governor and state legislature. (Doc. 1 at pp. 4-10).  Thus, he argues "that there was obviously something wrong with the appointees to the parole board since the Senate never confirmed them." Id. at p. 7.  He further argues "that if there were different parole board

members that the Senate had approved of and confirmed that it is possible that they would have granted him parole because he met or exceeded all of the guidelines for parole." *Id.* As the United States Supreme Court made clear in *Greenholtz*, *id.* the hope of parole is insufficient to create a liberty interest. Indeed, the plaintiff fails to point to any precedent supporting this argument. Next, the Court will examine the factual underpinnings for the plaintiff's claims.

The sole piece of evidence the plaintiff relies upon for this argument is a copy of an Anniston Star newspaper article which reports that then Attorney General, Luther Strange, had written a memo to then Governor Bentley challenging the appointment of Cook and Walker because they had yet been confirmed by the Senate. (Doc. 1-1). To the contrary, the undisputed evidence demonstrates that at the time Hambright was considered for parole, Defendant Walker had been properly appointed and/or confirmed as required by Alabama Code Section 15-22-10 and Defendant Cook was properly serving ad interim pursuant to this Section. (Doc. 20-1 at p. 1; Doc. 20-4 at p. 1). Indeed, Ala. Code §15-22-20 (b) states that Alabama Parole Board "[a]ppointees shall begin serving immediately upon appointment [by the Governor] until confirmed or rejected by the Senate. Appointments made at times when the Senate is not in regular session shall be effective ad interim." Accordingly, the Court concludes that the plaintiff fails to demonstrate that Board members Cook and Walker were not properly serving on the Parole Board at the time of his hearing.

Furthermore, even were the court to assume for the sake of argument that Walker and Cook were not properly serving as Parole Board members at the time of their decision to deny parole to the plaintiff, this would not invalidate the decision of the Parole Board. Indeed, Alabama law mandates that "official acts of any person in possession of a public office and exercising the functions thereof shall be valid and binding . . .  to all persons interested or affected thereby, whether such person is lawfully entitled to hold the office or not and whether such person is lawfully qualified or not."  Ala. Code § 36-1-2, see also, *Gwin v. State*, 808 So. 2d 65, 67 (Ala. 2001) ("A de facto officer is one who exercises the duties of a de jure officer under color of appointment or election.") (Citations omitted). Accordingly, the court concludes that the plaintiff's claims lack merit and this action is due to be dismissed.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.      The defendants' motion for summary judgment be GRANTED.

2.      Judgment be GRANTED in favor of the defendants.

3.      This case be DISMISSED with prejudice.

4.      Costs be taxed against the plaintiff.

On or before **February 2, 2021** the parties may file objections to this Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.

Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 19th day of January, 2021.


   /s/   Charles S. Coody
   UNITED STATES MAGISTRATE JUDGE